IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00334-BNB

DAVID L. JACKSON,

Plaintiff,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 28 2008

GREGORY C. LANGHAM
CLERK

v.

BUREAU OF PRISONS,
HECTOR RIOS, JR.,
KYLE JOHNSON,
MARINA MEDINA,
HARREL WATTS,
MICHAEL K. NALLEY,
JERRY JONES,
JEROME ZUERCHER,
SARA M. REVELL,
WENDY MONTGOMERY,
MELISSA DALY,
RICHARD DERR,
STEVEN MIDOCK, JR.,
JASONS UNWIN,
ADAM JOLLY,
JEFFRY BLANK,
MERRY WILNER,
ROBERT PACHECO,
EDWARD GRAMM,
ERIC HANSEN, and
L. GARICA (first name unknown),

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, David L. Jackson, is in the custody of the United States Bureau of Prisons and currently is incarcerated at USP in Florence, Colorado. Mr. Jackson has filed a ***pro se*** Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution have been violated. The Court must construe the Complaint

liberally because Mr. Jackson is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Jackson will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Jackson and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Jackson fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Plaintiff has presented his claims in a narrative chronological format rather than asserting the claims in a short and concise statement. The claims are conclusory and vague. It appears that Mr. Jackson is challenging his custody classification and that he asserts he has been transferred to USP Florence in retaliation for filing grievances. It is not clear what specific claims for relief Mr. Jackson is asserting or what specific actions by Defendants allegedly violated his constitutional rights

Therefore, Mr. Jackson will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Plaintiff is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Jackson may not simply provide a narrative of certain events and expect the Court and Defendants to determine what specific claims he may be raising.

With respect to any claims of retaliation, "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." ***Frazier v. Dubois***, 922 F.2d 560, 562 n.1 (10th Cir. 1990); ***see Peterson***, 149 F.3d at 1144 (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Therefore, if Plaintiff asserts retaliation in the Amended Complaint he must demonstrate that Defendants' motives were the "but for" cause of their actions.

Mr. Jackson also is advised that he must allege specific facts in his Amended Complaint that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Jackson must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Due to the vagueness of Plaintiff's claims it is difficult to determine whether he is attempting to assert claims against Defendants who do not reside in Colorado and for acts that did not take place in Colorado. To the extent that Plaintiff is asserting claims against Defendants who reside in other states and for acts that took place in other states, this Court lacks proper venue to review the claims. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may

> be found, if there is no district in which the action may otherwise be brought.

Therefore, such claims are not properly before this Court and are subject to ***sua sponte*** dismissal. ***See Trujillo v. Williams***, 465 F.3d 1210, 1217 (10th Cir. 2006).

Mr. Jackson further is instructed that to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Jackson file **within thirty days from the date of this Order** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Jackson, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Jackson submit to the Court an original and two copies of the Amended Complaint for the purpose of service. It is

FURTHER ORDERED that if Mr. Jackson fails to comply with this Order to the Court's satisfaction, within the time allowed, the action will be dismissed without further notice.

DATED April 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00334-BNB

David L. Jackson
Reg. No. 27944-013
USP - Florence
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed and a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 4/28/08

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk